UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONELL DAVONTAE SANDERS,

  Plaintiff,

  v.   CAUSE NO. 3:23-CV-77-DRL-MGG

ST. JOSEPH COUNTY JAIL *et al.*,

  Defendants.

OPINION AND ORDER

Donell Davontae Sanders, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Sanders alleges that, on January 16, 2023, while confined awaiting trial, he was in a courtroom holding cell. Mr. Sanders had his hands behind his back when Officer Ryan Gensinger, Officer Nicholas Merrill, Officer Maxwell Vangoey, and Officer Matthew Black rushed inside and plummeted him to the ground. Mr. Sanders alleges that he was not resisting but he was choked, his arm was twisted, and a fist was pushed in his face.

After this incident and while being transported, Officer Vangoey was tugging on Mr. Sanders' handcuffs, which caused a cut on his wrist. Mr. Sanders said "stop." Officer Vangoey and another officer then slammed Mr. Sanders face first into the ground. Mr. Sanders alleges that, after he was slammed to the ground and while still in handcuffs, all the officers named in this lawsuit got on top of him. He was then placed in a restraint chair for monitoring by a nurse.

Because Mr. Sanders was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment, not the Eighth Amendment, which applies to a person who has been convicted and sentenced. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397. Here, Mr. Sanders plausibly alleges that Officer Ryan Gensinger, Officer Nicholas Merrill, Officer Maxwell Vangoey, and Officer Matthew Black, Officer Gage Gentner, and Officer Bradley Moore used objectively unreasonable force against him on January 16, 2023.

Mr. Sanders has also named the St. Joseph County Jail as a defendant. The St. Joseph County Jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Donell Davontae Sanders leave to proceed against Ryan Gensinger, Nicholas Merrill, Maxwell Vangoey, Matthew Black, Gage Gentner, and Bradley Moore in their individual capacities for compensatory and punitive damages for using objectively unreasonable force against him on January 16, 2023, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES St. Joseph County Jail;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ryan Gensinger, Nicholas Merrill, Maxwell Vangoey, Matthew Black, Gage Gentner, and Bradley Moore at St. Joseph County Sheriff's Department, with a copy of this order and the complaint (ECF 1);

(5) ORDERS St. Joseph County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ryan Gensinger, Nicholas Merrill, Maxwell Vangoey, Matthew Black, Gage Gentner, and Bradley Moore to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 5, 2023                                                                 *s/ Damon R. Leichty*
                                                                            Judge, United States District Court

4