UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONELL DAVONTAE SANDERS,

Plaintiff,

v.                                          CAUSE NO. 3:23-CV-77-DRL-MGG

MATTHEW BLACK *et al.*,

Defendants.

OPINION AND ORDER

Donell Davontae Sanders, a prisoner without a lawyer, is proceeding in this case "against Ryan Geisinger, Nicholas Merrill, Maxwell Vangoey, Matthew Black, Gage Gentner, and Bradley Moore in their individual capacities for compensatory and punitive damages for using objectively unreasonable force against him on January 16, 2023, in violation of the Fourteenth Amendment[.]" ECF 5 at 3. The defendants filed a motion for summary judgment, arguing Mr. Sanders didn't exhaust his administrative remedies before filing this lawsuit. ECF 11. Mr. Sanders filed a response, and the defendants filed a reply. ECF 17, 18. Mr. Sanders then filed an unauthorized sur-response. ECF 19.[1] The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of

---

[1] Northern District of Indiana Local Rule 56-1 provides an opportunity for only a single response and prohibits the filing of additional briefs without leave of court. N.D. Ind. L. R. 56-1(d). Nonetheless, the court has reviewed the sur-response and determines it is appropriate to consider it in this instance, as the sur-response is responding to an argument first raised by the defendants in their reply brief.

Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015); *see also Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) (the burden is on the defendants to "establish that an administrative remedy was available and [the inmate] failed to pursue it").

"[W]hen administrative procedures are clearly laid out . . . an inmate must comply with them in order to exhaust his remedies." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). However, a prisoner only has to exhaust administrative remedies that are

"available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). "[A] remedy is not available if essential elements of the procedure for obtaining it are concealed." *Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011) (quotations and citation omitted). Thus, an inmate is only required to exhaust grievance procedures that "they have been told about[.]" *King*, 781 F.3d at 896.

The defendants argue Mr. Sanders didn't exhaust his administrative remedies before filing this lawsuit because he never filed any grievance regarding his claim the defendants used excessive force against him. ECF 12. Specifically, the defendants provide an affidavit from Warden Olmstead, warden of the St. Joseph County Jail. The St. Joseph County Jail maintains a two-step grievance process, which requires an inmate to submit a grievance form to the pod deputy and appeal the pod deputy's response to the Jail Commander for second review. ECF 13-1 at 2. Inmates are notified of the grievance process by way of an Inmate Handbook, which is provided to each inmate when he is booked into the jail. *Id.* at 1-2. On November 25, 2022, Mr. Sanders was booked into the jail and issued a copy of the Inmate Handbook. *Id.* at 2. Despite having notice of the grievance process, Mr. Sanders never filed any grievance alleging the defendants used excessive force against him. *Id.* at 3.

In his response, Mr. Sanders argues his administrative remedies were unavailable because he was never told about the jail's grievance process, as he never received the Inmate Handbook when booked into the jail. ECF 17. In their reply, the defendants provide a copy of a receipt allegedly signed by Mr. Sanders on November 25, 2022, stating he was provided with a copy of the Inmate Handbook. ECF 18-1 at 3. In his sur-response,

Mr. Sanders argues he never signed that document, and the signature provided by the defendants is a forgery. ECF 19. He provides copies of other documents he signed at the jail, and argues these signatures show the signature on the defendants' form is a forgery. ECF 19-1.

Here, the defendants have not carried their burden of proving Mr. Sanders' administrative remedies were available, as genuine issues exist regarding whether Mr. Sanders was told of the grievance process. *See King*, 781 F.3d at 896; *Thomas*, 787 F.3d at 847. Specifically, a genuine issue exists regarding whether Mr. Sanders received a copy of the Inmate Handbook upon his arrival at the jail on November 25, 2022. Resolving this issue will require a hearing as explained in *Pavey*, 544 F.3d 739. However, the court will not schedule such a hearing unless one of the defendants file a motion requesting it.

For these reasons, the motion for summary judgment (ECF 11) is **DENIED**. The defendants are **CAUTIONED** that if a *Pavey* hearing is not requested by **October 20, 2023**, the affirmative defense of exhaustion of administrative remedies will be waived.

SO ORDERED.

October 2, 2023                                         *s/ Damon R. Leichty*
                                                        Judge, United States District Court