UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONELL DAVONTAE SANDERS,

   Plaintiff,

v.                                                            CAUSE NO. 3:23-CV-77 DRL-SJF

MATTHEW BLACK *et al.*,

   Defendants.

OPINION AND ORDER

On July 12, 2024, United States Magistrate Judge Michael G. Gotsch, Sr. issued a report and recommendation in which he recommended that this case be dismissed without prejudice because Donnell Davontae Sanders didn't exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. § 1997e(a). ECF 35. Mr. Sanders filed an objection to the report and recommendation. ECF 36.

In this case, Mr. Sanders alleges that Officer Gensinger, Officer Merrill, Officer Vangoey, Officer Black, Officer Gentner, and Officer Moore used excessive force on him in a courtroom holding cell on January 16, 2023, in violation of the Fourteenth Amendment. ECF 5. Defendants filed a summary judgment motion asserting the defense of failure to exhaust administrative remedies, and this court determined that there was a genuine dispute of fact as to whether Mr. Sanders was told about the grievance process and whether he received the inmate handbook when booked into the jail. ECF 11; ECF 20. To resolve this issue, on July 2, 2024, the magistrate judge conducted an evidentiary hearing pursuant to a referral. ECF 22; ECF 33. The sole questions to be answered were

whether Mr. Sanders was told about the grievance process and whether he received the inmate handbook when booked into the jail. ECF 20.

A summary of the witnesses and evidence presented at the hearing was included in the magistrate judge's report and recommendation and will be recounted here only where necessary to the court's analysis. Based on the testimony and evidence presented, the magistrate judge found that Mr. Sanders:

> a. received an inmate handbook explaining the grievance process at his booking in the St. Joseph County Jail on May 10, 2020;
>
> b. received another copy of the inmate handbook explaining the grievance process at his booking in the St. Joseph County Jail on November 25, 2022;
>
> c. was aware of the grievance procedures available at the St. Joseph County Jail; and
>
> d. failed to avail himself of these grievance procedures.

ECF 35 at 7.

In determining that Mr. Sanders received copies of the inmate handbook explaining the grievance process on two occasions, the magistrate judge credited the testimony of Officer Muniz, a correctional officer who also worked in the booking area, over that of Mr. Sanders. Officer Muniz testified that Mr. Sanders both signed the HIPAA form, which includes an acknowledgement that a handbook was received, and received a handbook at booking on November 25, 2022.

In reaching his conclusion to credit Officer Muniz' testimony over Mr. Sanders' testimony, the magistrate judge explained as follows:

2

The record indicates that the St. Joseph County Jail maintains a regular booking procedure in which detainees are instructed on telephone usage, issued a handbook, asked certain medical questions, and are required to provide fingerprints and sign a HIPAA form and medical question forms. The record is undisputed that the jail maintains a grievance process and that the grievance process is explained in the handbook. The record is undisputed that, on May 18, 2020, Sanders signed a HIPAA form, answered certain medical questions, and signed medical question forms, though he denies ever receiving a handbook. The record is also undisputed that, on November 25, 2022, Sanders was asked the questions on the HIPAA form and that the form accurately reflects his answers. It is also undisputed that he signed the medical question forms from that date.

Sanders denies signing the HIPAA form and receiving a handbook on November 25, 2022. However, it is unclear why Officer Muniz would have complied with other aspects of the booking process, including asking Sanders questions on the HIPAA form, obtaining signatures on the medical question forms at booking, and documenting the completion of the HIPAA form and the issuance of the handbook, while also declining to, in fact, obtain his signature on the HIPAA form or to issue him a handbook. In her meticulously entered notes, Officer Muniz also documented certain deficiencies in the booking process including that the fingerprint machine did not work and that she was unable to provide a telephone PIN. It is unclear why she would have freely acknowledged certain deficiencies regarding the booking process in the database entry but misrepresented herself with respect to others.

By contrast, the record contains a plausible explanation for Sanders' inability to recall or recognize his signature on the HIPAA form. Specifically, Sanders testified that he was asked to quickly sign forms at the end of the booking process, suggesting that he may not have appreciated what he was signing and that he may have signed the form in a rush. Based on the foregoing, the undersigned credits Officer Muniz's testimony over Sanders' testimony with respect to the factual issues of whether Sanders signed the HIPAA form and received an inmate handbook on November 25, 2022.

3

ECF 35 at 6-7.

Mr. Sanders objects to the magistrate judge's determination that Officer Muniz' testimony was more credible than his own. ECF 36. He asserts that the exhaustion defense hinges on a single piece of paper: the HIPAA form. Mr. Sanders opines that the HIPAA form says he was given both a copy of the handbook and a copy HIPAA act, but it was conceded that he was not provided with a copy of the HIPAA act. Mr. Sanders argues that this shows that booking procedures weren't always followed and supports his testimony that he didn't receive the inmate handbook. On this basis, he asks the court to overturn the magistrate judge's credibility determination. Mr. Sanders also asks for an opportunity to produce new evidence that the jail doesn't issue handbooks to inmates as part of the booking process.

The court's review of the contested portions of the magistrate judge's report and recommendation is *de novo.* 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). However, the court is not required to hold further hearings to review the magistrate judge's findings simply because witness credibility is at issue. *See United States v. Raddatz*, 447 U.S. 667, 673-76 (1980).

Mr. Sanders had a full and fair opportunity to produce his evidence that handbooks aren't issued. This court won't grant Mr. Sanders another bite at the apple now that he has reviewed the magistrate judge's report and recommendation. *McIntosh*

4

*v. Wexford Health Sources, Inc.*, 987 F.3d 662, 665 (7th Cir. 2021) (observing that "a district court adopting a magistrate judge's findings is not required to hold a new hearing").

Turning to Mr. Sanders' objection to the magistrate judge's finding that Officer Muniz was more credible than Mr. Sanders, the court has reviewed the audio recording of the hearing and finds nothing erroneous about the magistrate judge's credibility determination. Mr. Sanders argues that it's uncontested that inmates weren't given a copy of the HIPPA act, and that this shows that booking procedures weren't followed and supports his claim that he didn't receive a handbook. But, the HIPAA form indicates that a copy of the act is "provided for review" while a copy of the inmate handbook is "provided." ECF 31-1 at 9. The difference in phrasing may reflect that these matters are handled differently, such that a copy of the HIPAA act is merely available to be reviewed while the inmate handbook is given to the inmate to keep. But even if Mr. Sanders' interpretation of the form is correct, it was not error for the magistrate judge to credit Officer Muniz' testimony over Mr. Sanders when she testified that she provided Mr. Sanders with the inmate handbook and that testimony was consistent with the written policy and other evidence of record. Commander Finn testified that jail staff are trained to distribute a jail handbook during the booking process, and Nicole Armour testified that Mr. Sanders was provided with an inmate handbook in 2020. Their testimony lends further supports to Officer Muniz' testimony. Furthermore, both Officer Muniz and Nicole Armour made notes during the booking process indicating that the handbook had been provided, and that lends support for the magistrate judge's credibility determination.

5

Mr. Sanders signed a document acknowledging he received the handbook in 2020, though he now claims he didn't receive it. Mr. Sanders claims he neither signed the document acknowledging receipt of the handbook nor received a handbook in 2022. These claims, however, directly contradict the testimony of Officer Muniz. The magistrate judge found Officer Muniz to be credible, and the court concurs that this finding is supported by the record. The magistrate judge's assessment of credibility is entitled to deference. *See Anderson v. City of Bessemer City*, N.C., 470 U.S. 564, 575 (1985). Mr. Sanders hasn't presented a convincing argument that the magistrate judge's credibility determination should be overturned, and this court finds no basis to do so on the record.

This court concurs with the magistrate judge's findings that Mr. Sanders received an inmate handbook explaining the grievance process both on May 10, 2020 and on November 25, 2022, that he was aware of the grievance procedures available at the jail, and that he didn't avail himself of these procedures. The defendants have established that there were administrative remedies available to Mr. Sanders which he never pursued.

For these reasons, the court:

(1) **OVERRULES** the plaintiff's objections (ECF 36);

(2) **ADOPTS** the report and recommendation of the magistrate judge; and

(3) **DISMISSES** this case **WITHOUT PREJUDICE** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

SO ORDERED.

September 4, 2025               *s/ Damon R. Leichty*
                                Judge, United States District Court